UNITED STATES BANKRUPTCY COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In Re: | Chapter 11 |
| KHATTAK PROPERTIES, LLC, | 14 - 04462 |
| Debtor. | Honorable Timothy A. Barnes |

## MOTION TO APPROVE FINAL ACCOUNTING

Eric Janssen Pre-Petition state court appointed receiver ("JANSSEN"), moves this Court to approve his Final Accounting. In support thereof, Janssen states as follows:

### BACKGROUND

1. On January 10, 2013 Janssen was appointed pursuant to a state court order as Receiver regarding the real estate located at 621-623 West Randolph Street ("Real Estate"). Attached hereto as **Exhibit "A"**, and incorporated by reference herein is a copy of the Order Appointing Receiver. The Debtor filed a Chapter 11 bankruptcy petition on February 13, 2014.

2. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3. On April 30, 2014 this court entered an order authorizing the Debtor to enter into a management contract with Malet Realty Ltd, and authorized Janssen to file an accounting by May 30, 2014, and to turnover the property including rents, offsprings, and profits of the property to Malet Realty Ltd. A copy of the order excluding exhibits thereto is attached hereto as **Exhibit "B"**, and incorporated by reference herein. The receiver has filed

his Accounting pursuant to that court order, and Janssen requests, that his Final Accounting be approved.

WHEREFORE, request the entry of an order that:

(a)  Approves his Final Accounting; and

(b)  Provides Janssen with such additional relief as may be appropriate under the circumstances.

                                        Respectfully Submitted,
                                        Noonan and Lieberman Ltd

                                        BY: /s/ Mitchell Lieberman
                                        An attorney for Eric Janssen

Mitchell Lieberman
Noonan and Lieberman
105 W Adams #1800
Chicago, Illinois 60603
(312) 431-1455
#6193234

Order Appointing Receiver – Form 20                                          4313, 4309, 4315, 4215

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, CHANCERY DIVISION
### MORTGAGE FORECLOSURE/ MECHANICS LIEN SECTION

| | |
|---|---|
| EARNING PLUS LIMITED, a British Virgin Islands company, <br><br> Plaintiff, <br><br> v. <br><br> KHATTAK PROPERTIES, LLC, an Illinois limited liability company; GHAFFAR KHATTAK, an adult individual; THE CITY OF CHICAGO, a municipal corporation; PETER G. GIEGOLDT, an adult individual; GALLO, LLC; ANTHONY CEDICCI, an adult individual; UNKNOWN OWNERS; and NON-RECORD CLAIMANTS; <br><br> Defendants. | Case No.: 12 CH 40052 <br><br> Hon. Alfred M. Swanson, Jr. <br><br> Cal. 55 <br><br> Property Address: <br> 621-623 West Randolph <br> Chicago, Illinois 60661 |

## ORDER APPOINTING RECEIVER FOR NON-RESIDENTIAL PROPERTY

THIS CAUSE was heard on plaintiff's motion pursuant to the Illinois Mortgage Foreclosure Act, 735 ILCS 5/15-1101 *et seq.*, seeking an order appointing a receiver for the non-residential property located at 621-623 West Randolph, Chicago, Illinois. That property is the subject of plaintiff's complaint in mortgage foreclosure. The court has jurisdiction over the parties and subject matter and is fully advised in the premises. As used herein "defendant" and "mortgagor" shall also mean "defendants" and "mortgagors" as the context requires.

**THE COURT FINDS:**

1. The plaintiff filed a complaint seeking to foreclose Mortgages which allege that the defendant-mortgagor defaulted on its obligations. A copy of the Mortgages are attached to the complaint, and the First Loan Mortgage is dated November 21, 2005, and the Second Loan Mortgage is dated August 22, 2007, and both were executed by defendant-mortgagor. The First Loan Mortgage was recorded as document number 0534849009. The Second Loan Mortgage was recorded as document number 0723933025. The Mortgages were recorded with the Cook County Recorder of Deeds against the subject property identified above. The First Loan Mortgage secures a promissory note, a copy of which is attached to the complaint, signed by defendant/mortgagor, dated November 21, 2005 and in the original principal amount of

1668252

**EXHIBIT A**

$1,500,000.00. The Second Loan Mortgage secures a promissory note, a copy of which is attached to the complaint, signed by defendant/mortgagor, dated August 22, 2007 and in the original principal amount of $185,000.00.

2. The property consists of a commercial building, and is owned by the defendant-mortgagor for commercial/investment purposes and is not for use as defendant(s)/ mortgagor(s)' personal residence.

3. The complaint alleges that an "Event of Default," as defined in the Mortgages and Notes, has occurred due to the defendant-mortgagor's failure to: pay the amounts due under the Notes by their maturity date on May 21, 2012; pay, when due, both installments of the 2011 taxes assessed against or applicable to Real Estate and the second installment of 2010 taxes, which have been sold; and to keep the Real Estate free from claims for lien. The Recording of Findings, Decision and Order rendered in the Code Violation Case and recorded in the City's favor and against the Property with the Cook County Recorder of Deeds as Document Nos. 0814940143, 0816101113, and 1215726242 exist as liens against the Property, as does the mortgage dated October 29, 2007, and granted by Borrower Parties to Giegoldt. This Event of Default gives plaintiff the right to accelerate all amounts due under the Mortgages and Notes and to demand the same be immediately payable.

4. The First Loan Mortgage provides that on page 8 and 9, the Second Loan Mortgage provides that on page 10, 11 and 15-16, and the Assignment of Rents at page 3, that upon the occurrence of an Event of Default, the mortgagee shall have the right to make application for appointment of a receiver for the property.

5. The property does not fall within the definition of "Residential Real Estate" under the Illinois Mortgage Foreclosure Law (735 ILCS 5/15-1219).

6. The court finds that: due notice of the motion has been given pursuant to 735 ILCS 5/15-1706(d).

Based on the allegations of the complaint, the terms and provisions of the mortgage and note, and the motion to appoint a receiver, there is a reasonable probability that plaintiff will prevail on a final hearing in this matter. The defendant has not shown good cause why the receiver should not be appointed.

IT IS HEREBY ORDERED:

1. The receiver, Eric J. Janssen (the "Recevier") of Chicago Real Estate Resources, Inc., based on the information provided to the court, is deemed to be qualified to act as receiver and to manage the property as would a reasonably prudent person.

2. Plaintiff's motion for an order appointing a receiver for the subject property is granted and the above-named receiver is hereby appointed. This order will not become effective until the court has approved the receiver's bond as set forth below.

2

166825.2

3. The receiver is empowered with all the duties, responsibilities and powers enumerated in the Illinois Mortgage Foreclosure Law (735 ILCS 5/15-1101 et seq.) <u>and the Receiver is authorized to manage and operate the Property.</u>

4. The receiver is authorized to collect all rents relating to the property, and the tenants of the property are directed to pay rent to the receiver from the effective date of this order, until further notice. The receiver shall allocate all receipts from the operation of the real estate and other property subject to the Mortgage in accordance with 735 ILCS 5/15-1704(d). Within 21 days, the receiver shall provide notice to any and all occupants of the property as required by 735 ILCS 5/15-1704(f).

5. Within five business days after the receiver's bond is approved, the defendant-mortgagor, <u>its members, Ghaffar Khattak and its and his agents,</u> shall turn over to the receiver, documents in format which relate in any way to the following:

   (a) Income collected for the property after the effective date of this order;

   (b) Contracts, documents, and agreements relating to accounts receivable and payable, operation, management, sale, leasing and/or control of the property;

   (c) All documents such as insurance policies, real estate taxes, notices and/or bills which concern the property in any way;

   (d) Documents relating to the property's condition, operation and maintenance or relating to any persons employed to maintain, secure or repair the property;

   (e) A list by case name and number of all current litigation or regulatory proceedings which involve the property including, but not limited to: (1) abatement of taxes or reduction of assessments, (2) mechanics lien claims, (3) building code violations or zoning enforcement action; and (4) any other litigation or legal or related proceedings;

   (f) All keys needed to operate, repair and/or maintain the property; and

   (g) A list of all tenants and their payment history for the last two years.

6. Defendant-mortgagor shall promptly and fully cooperate with receiver in connection with the receiver's performance of his/her duties and are prohibited from interfering with the powers or duties of receiver. Defendants are further prohibited from directing anyone to interfere, in any way, with the receiver in the execution of this order.

7. The receiver shall file periodic written reports with the court. Each report shall be prepared with a case caption, personally signed by the receiver, and filed with the clerk of the court. The receiver or the plaintiff's attorney must mail copies of the report to all parties in the case (including those who have not formally appeared) at least five court days before the hearing on the report. The mailing shall include a notice of motion indicating the time, date and courtroom number applicable to the approval of the report,

and a proof of service. Reports will be presented on a schedule established by the court for each particular case.

8. Each report shall include, at a minimum: a description of the property (number of units, type of use, size and condition), contact information for the receiver, a list of tenants with the amount of their rent, a summary of any litigation involving the property of which the receiver is aware, a report on any failure of the mortgagor or any tenant to cooperate with the requirements of the receiver order, verification that the property is adequately insured, a detailed billing statement for the receiver's fees, a draft order approving the report and setting the case for the next receiver's report, a photograph of the outside of the property (first report only), an income/expense statement, current balance on hand, background information on any matter for which the receiver is requesting special court approval, and a check register showing income received and expenses incurred since the previous report.

9. The receiver may not employ attorneys except with explicit court approval.

9a. Pursuant to 735 ILCS 5/15-1704(c), the receiver is authorized to retain <u>Chicago Real Estate Resources, Inc.</u> to assist the receiver with respect to management of the subject premises. The plaintiff has represented to the court that the anticipated management fees will be <u>the greater of 5% of gross receipts collected at the Property or $950.00 per month.</u> In any report presented to the court, the receiver must distinguish his/her fees, activities, and responsibilities from the management company's fees.

10. The receiver or a knowledgeable representative thereof must appear in court when his/her report is presented. The receiver's fees shall be charged at the following rates: <u>$225.00 per hour.</u> The court will review all fee requests for reasonableness. The court reserves the right to reduce any fees which it deems to be excessive, including fees charged under the above-listed fee schedule. Receiver's certificates shall constitute a first and prior lien on the property.

11. With the consent of the plaintiff, the receiver may authorize necessary improvements to the property not to exceed the cost of $ 5,000.00. The receiver has the power to procure or maintain appropriate utility services for the property and to procure or maintain appropriate insurance coverage for the property.

12. This order is not effective until the court has approved the receiver's bond in the amount of $ 90,000.00 which must be issued by a court-approved surety company and signed by a court-approved attorney-in-fact for the surety company. Plaintiff or the receiver shall deliver the bond along with this order to chambers for approval.

13. Plaintiff shall immediately forward a copy of this order to the defendant-mortgagor or any attorney who has filed an appearance on their behalf and file proof of service thereof with the court.

166825.2

4

14. This case is continued to _February 7_, 2013 at _8:45_ a.m. in Courtroom _2805_ of the Daley Center for status and ~~approval of the first receiver's report~~. The ~~first report~~ shall be filed on or before _February 1_, 2013 ~~and shall cover the period beginning when the bond is approved and ending on~~ _____ 201_.

ENTER:

Judge Alfred M. Swanson, Jr.

Judge: Alfred M. Swanson, Jr.
Date: _JAN 10 2013_, 20___

Circuit Court 2035

Prepared by:
Jerry L. Switzer, Jr.
Jean Soh
POLSINELLI SHUGHART PC
161 N. Clark St., Suite 4200
Chicago, Illinois 60601
(312) 819-1900 – Telephone
(312) 819-1910 – Facsimile
Firm No.: 40269

166825.2

5

4309
RECEIVER'S BOND

(Rev. 1/18/01) CCCH 0027

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Earning Plus Limited

v.

Khattah Properties

No. 12CH 40052

### RECEIVER'S BOND

On __1/10/13__, 2013, __Eric Janssen__ was appointed receiver of property of respondent.

We jointly and severally bind ourselves to the People of the State of Illinois, that the receiver will in all respects faithfully discharge the duties of his/her receivership.

The obligation of this bond is limited to $ __90,000.00__

As principal

MASSACHUSETTS Bay Insurance Company

By __Paul G. Morris__

Attorney-in-fact / Agent
330 Pierce Road • Itasca, IL 60143

PAUL A. MORIS

Approved:

Judge Alfred M. Swanson, Jr.   Judge's No.

Atty. No.: __40269__
Name: __Polsinelli Shughart PC__
Atty. for: __Plaintiff__
Address: __161 N. Clark, #4200__
City/State/Zip: __Chgo IL 60601__
Telephone: __312 819-1900__

JAN 14 2013

Circuit Court 2035

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | | |
|---|---|---|
| In Re: | ) | BK No.: 14-04462 |
| | ) | |
| KHATTAK PROPERTIES, LLC, | ) | Chapter: 11 |
| | ) | Honorable Timothy A. Barnes |
| | ) | |
| | ) | |
| Debtor(s) | ) | |

### ORDER AUTHORIZING THE DEBTOR
### TO ENTER INTO MANAGEMENT AGREEMENT WITH MALET REALTY, LTD.

Upon consideration of the motion (the "Motion") of the above-captioned debtor and debtor in possession (the "Debtor") for the entry of an order authorizing the Debtor to to enter into the Management Agreement attached hereto as Exhibit 1 (the "Management Agreement") with Malet Realty, Ltd. ("Malet Realty") as property manager for the Debtor's real property commonly known as 621-623 West Randolph Street, Chicago Illinois (the "Property") pursuant to 11 U.S.C. Section 363(b)(1) and Rules 2002, 6004, and 9014 of the Federal Rules of Bankruptcy Procedure; the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334; consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); venue being proper before the Court pursuant to 28 U.S.C. § 1408; the Court having reviewed the Motion and the declarations attached thereto; due notice having been given; and after due deliberation,

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED, as set forth herein.

2. The Debtor is authorized to enter into the Management Agreement.

3. The Debtor is authorized to pay Malet Realty the $750 per month Management Fee set forth in the Management Agreement without further order of this Court.

4. To the extent that Malet Realty seeks to be compensated for services at an hourly rate pursuant to Section 13.1(b) of the Management Agreement or to be reimbursed for actual and necessary expenses incurred in connection with its management of the Property, Malet Realty shall file an application with this Court.

5. Pursuant to section 543(b)(1) of the Bankruptcy Code, Eric Janssen as the receiver (the "Receiver") for the Property appointed by the the Circuit Court of Cook County, Illinois (the "State Court"), in the state-court foreclosure action pending captioned Earning Plus Limited v. Khattak Properties, LLC et al., Case No 12 CH 40052 (the "State Court Proceeding") shall turnover the Property, and all proceeds, products, offspring, rents, or profits of the Property in the Receiver's possession, custody, or control, to Malet Realty. Furthermore, the Receiver and his firm, Chicago Real Estate Resources, Inc., shall cooperate fully with the Debtor and Malet Realty with respect to providing reasonable access to the records and information in the Receiver's or CRER's possession, custody, or control regarding the Receiver's maintenance, administration, and management of the Debtor's

EXHIBIT B

Rev: 20130104_bko

property.

6. Pursuant to section 11 U.S.C. 543(b)(2), on or before May 30, 2014, the Receiver shall file an accounting for any property of the Debtor, or proceeds, product, offspring, rents, or profits of such property, that, at any time, came into the possession, custody, or control of the Receiver.

7. Pursuant to section 11 U.S.C. 543(c)(2), the Receiver may file an application seeking compensation for services rendered and costs and expenses incurred since the filing of this chapter 11 case on February 13, 2014 and may notice that application for hearing at the status hearing scheduled in this case for June 18, 2014 at 10:30 a.m.

8. Pursuant to Rule 2002(a)(2) of the Federal Rules of Bankruptcy Procedure, that the amount and manner of notice of this Motion provided to parties in interest as described in the Motion is deemed sufficient under the circumstances.

9. The Debtor is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

10. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

11. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Enter:

United States Bankruptcy Judge

Dated: APR 3 0 2014

30 APR 2014

Prepared by:
David J. Fischer (Atty. No. 813745)
Phillip W. Nelson (Atty. No. 6283615)
EDWARDS WILDMAN PALMER LLP
225 West Wacker Drive
Chicago, Illinois 60606
Telephone: 312-201-2000
Facsimile: 855-587-1388
dfischer@edwardswildman.com
pnelson@edwardswildman.com

Rev: 20130104_bko